DOCK HOLMES, RESPONDENT, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, APPELLANT.—66 S. W. (2d) 966.

Kansas City Court of Appeals. January 8, 1934.

*Samuel W. Liske* for respondent.

*Cyrus Crane, Winston H. Woodson, James F. Walsh* and *John N. Monteith* for appellant.

CAMPBELL, C.—Plaintiff, an employee of the defendant, on July 7, 1931, sustained personal injury. His right to compensation therefor under the Workmen's Compensation Act was conceded, and the defendant paid compensation to plaintiff on account of the injury until May 17, 1932. On September 26, 1932, plaintiff filed claim for compensation. The defense presented was that plaintiff had been paid all compensation due him for the period of his disability. The claim was heard before a member of the commission who made finding that plaintiff had been fully compensated for all disability resulting from the accident. The finding and award of the commissioner was reviewed and affirmed by the commission. From the latter award the plaintiff appealed.

On appeal the circuit court reversed the finding and award of the commission and remanded the cause, with instructions to the commission to enter an award allowing plaintiff additional compensation for

.a period of twenty-three weeks for total disability from October 31, 1932, upon the ground that there was not sufficient testimony in the record to sustain the award of the commission. The finding of the commission that plaintiff had been fully compensated for his injury was, if sustained by any competent evidence, conclusive upon the trial court as well as upon this court.

Dr. Miller testified that plaintiff was able to return to his duties on February 23, 1932; that he examined plaintiff on April 25, 1932, at which time plaintiff was, "without question," able to do his ordinary work.

Dr. Francisco gave evidence corroborating the evidence of Dr. Miller.

Plaintiff's evidence was contrary to that of the expert opinion evidence, but the weight and value thereof was exclusively for the commission and its determination thereof was conclusive upon the court. [King v. Mark Twain Hotel, 60 S. W. (2d) 675; Duckworth v. City of Macon, 63 S. W. (2d) 206.]

The plaintiff's counsel recognizes the rule stated and argues that the evidence of Dr. Miller was not worthy of belief. That question was for the commission. It is apparent there was competent evidence sustaining the findings of the commission. The judgment of the circuit court is reversed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed. All concur.